## THIRD DEPARTMENT, MAY, 1996

### (May 1, 1996)

■ In the Matter of STEVEN E. POLLAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [642 NYS2d 559] —Per Curiam. Respondent was admitted to practice by this Court in 1984. He resides in New Jersey and was admitted to that State's bar in 1970.

By order dated February 6, 1996, the Supreme Court of New Jersey suspended respondent from practice for a period of six months, effective March 1, 1996. The suspension order also required respondent upon reinstatement to practice under the supervision of a practicing attorney for a period of one year; required him prior to reinstatement to demonstrate his psychiatric fitness to practice law; and required him prior to rein-

statement to personally pay any and all penalties and interest assessed by the New Jersey Division of Taxation on an estate represented by respondent.

Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent (*see*, 22 NYCRR 806.19). Respondent has not replied to the motion.

It appears from the decision of the disciplinary review board in New Jersey that respondent seriously neglected client matters, failed to properly communicate with his clients, and failed to fully cooperate with the New Jersey attorney disciplinary authorities.

In view of respondent's suspension in the State of New Jersey for professional misconduct and his lack of opposition to the instant motion, petitioner's motion is granted. We further determine that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey and conditioning his reinstatement upon his reinstatement in New Jersey (*see, e.g., Matter of Weiss*, 164 AD2d 959).

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that petitioner's motion to reciprocally discipline respondent be and hereby is granted; and it is further ordered that respondent is hereby suspended from practice for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that respondent may apply for reinstatement after the expiration of said suspension period upon furnishing satisfactory proof that he has been reinstated to the active practice of law in New Jersey and that he has otherwise complied with the requirements of section 806.12 of this Court's rules (22 NYCRR 806.12); and it is further ordered that, for the period of suspension, respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.